Peter A. Quinn, J.
Defendants move for dismissal of the complaint for legal insufficiency. The action is in libel based upon the following publication: 11 Internal Revenue Agents seized all receipts the night of the fight not because of Patterson’s *408 disputed 17-year deferred income tax payment scheme but because the government wanted to be sure it got its excise and corporate income tax (OSI [the plaintiff] as well as GKR.S failed to file a corporate income tax return in 1961 and therefore have delinquency records).”
In the absence of allegation of special damage the publication to be actionable must be libelous per se. A corporation is the victim of libel per se if the publication tends to impugn “ management, credit, or business, or holds it up to ridicule, contempt or disgrace ” (Hornell Broadcasting v. Nielsen Co., 8 A D 2d 60, 63, mod. on other grounds 8 N Y 2d 767) or “ if * * * the publication disparages some aspect of the business in such a manner as directly to prejudice the successful conduct or to imperil the very continuation of that business ” (Greyhound Securities v. Greyhound Corp., 11 A D 2d 390, 391).
To publish the false statement that agents of the Government have gone to the unusual and extraordinary lengths of summarily seizing one’s property to insure payment of taxes (because of previous failure to file an income tax return resulting in a delinquency record) is in effect to advertise the Government’s careful, calculating, cool-eyed distrust of the taxpayer and create in the mind of a person of ordinary intelligence an impression of the latter’s general financial untrustworthiness and irresponsibility. Government seizure of a fund, in which a corporation is to share, to secure payment of taxes (said to be based on a previous failure of the corporation to file an income tax return) suggests such strong official doubt of financial responsibility and suspicion of evasiveness as to very likely arouse the ordinary person to prejudicial, antipathetic feelings towards the corporation. In a numerous society of groaning taxpayers, a corporation under such suspicion, if not figurative indictment, of tax-evading propensities, is bound to be an object of public scorn, obloquy, contempt and perhaps even hatred.
We are not concerned here with the truth or falsity of the offending statement; its falsity, as pleaded, is assumed for the purposes of this motion; nor are we concerned with the extent to which falsity of a part of the statement may have infected the whole, so as to render it libelous. Taken on its face as a false statement, the above-quoted language published of the plaintiff corporation by the defendants is libelous per se. The motion is denied.